UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAMES LANDON,

                          Plaintiffs,

v.                                                                    5:12-CV-1786
                                                                      (GTS/TWD)
ITHACA COLLEGE; INT'L UNION UNITED
GOV'T SEC. OFFICERS  OF AM.–LOCAL 507;
and ROBERT HIGHTCHEW,[1]

                          Defendants.

_____

APPEARANCES:                                          OF COUNSEL:

THE LAMA LAW FIRM, LLP                      LUCIANO L. LAMA, ESQ.
  Counsel for Plaintiff
2343 North Triphammer Road
Ithaca, NY 14850


MORGAN, BROWN & JOY, LLP               JAMES M. PENDER, ESQ.
  Counsel for Defendants                         MARK W. WHITNEY, ESQ.
200 State Street, 11ᵗʰ Floor
Boston, MA 02109

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this Labor Management Relations Act ("LMRA") action

filed by James Landon ("Plaintiff") against Ithaca College, International Union United

Government Security Officers of America–Local 507 ("the Union"), and Robert Hightchew

(collectively "Defendants"), is Defendant Ithaca College's motion to dismiss Count I of the

_____

        [1]        It appears that the last name of the above-captioned individual Defendant is
spelled "Hightchew," not "Hitchew."  (*See, e.g.,* Dkt. Nos. 9, 17, 18; Dkt. No. 8, at 2, n.2.)  As a
result, the Clerk of the Court is directed to amend the docket accordingly.

Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ.

P. 12(b)(6).  (Dkt. No. 7.)  For the reasons set forth below, Defendant Ithaca College's motion is

granted.

## I.      RELEVANT BACKGROUND

### A.      Relevant Factual Allegations

Plaintiff filed a Complaint with this Court on December 5, 2012.  (Dkt. No. 1 [Plf.'s

Compl.].)  Generally, liberally construed, Plaintiff's Complaint alleges follows.

On or about April 27, 2007, Plaintiff accepted a position with Defendant Ithaca College's

Office of Public Safety as a Master Police Officer.  This position was subject to a collective

bargaining agreement between Defendant Ithaca College and Defendant Union.  In or around

April 2010, the position of Sergeant of Road patrol became vacant.  Approximately six officers,

including Plaintiff, applied for the position.  On July 12, 2010, Plaintiff was informed that he

would be promoted to Sergeant of Road Patrol.  Plaintiff assumed the role of Sergeant of Road

Patrol on July 19, 2010, and received compensation of an additional $3 an hour.  Plaintiff was

placed on the standard six-month probationary period, which he successfully completed on

January 19, 2011.

At an unspecified time following Plaintiff's promotion, three other officers (who were

also union members), including Defendant Hightchew, filed Grievance Number 08-11 #020 with

Defendant Union, disputing this promotion.  At the time of the filing Grievance Number 08-11

#020, Defendant Hightchew served as both president of Defendant Union and a representative of

Defendant Union.   On approximately February 17, 2012 (more than a year after Plaintiff's

successful competition of probation, on January 19, 2011), Grievance Number 08-11 #020 was

resolved by a Memorandum of Agreement between Defendant Ithaca College and Defendant

Union.  On or about February 22, 2012, Petitioner learned of, and received a copy of, this

Memorandum, which provided, in pertinent part, as follows:

> Robert Hightchew shall be promoted to the position of Sergeant, effective
> as of February 26, 2012. . . . James Landon shall revert to his Master
> Patrol Officer (MPO) position effective as of February 26, 2012 at the
> contractual rate of pay he would have earned had he not been promoted to
> Sergeant . . . . Mr. Landon shall receive a one time payment of $4,500,
> less appropriate withholdings, to be paid in the next regular pay period
> following February 26, 2012 . . . .  Upon the full execution of this
> Memorandum of Agreement, the Union shall withdraw Grievance No. 08-
> 11 #020 with prejudice against re-filing.

At an unspecified time after being notified of the resolution of Grievance Number 08-11

#020, Plaintiff filed a grievance with Defendant Union.  (The Complaint is silent as to the

resolution of Plaintiff's grievance.)

Based on these factual allegations, Plaintiff claims that Defendants violated Plaintiff's

following rights in the following manner: (1) Defendant Ithaca College violated 29 U.S.C. §

158(a)(1) by breaching its collective bargaining agreement when it demoted Plaintiff from

Sergeant of Road Patrol to Master Patrol Officer without justification after he had completed his

probationary period without incident; (2) Defendant Union and Defendant Hightchew violated

29 U.S.C. § 158(b)(1)(A) and (B) by intentionally interfering with a contractual relationship

when they ineffectively represented Plaintiff in the grievance process and unsatisfactorily settled

Plaintiff's grievance to their own benefit, resulting in the dismissal of the grievance; and (3)

Defendant Union violated 29 U.S.C. § 158(b)(1)(A) by breaching its duty to fairly represent its

members when it devoted resources to reach a compromise with regard to Plaintiff's grievance,

which injured Plaintiff and benefitted only Defendant Hightchew.

Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.

**B.     Parties' Briefing on Defendant Ithaca College's Motion to Dismiss**

Generally, in support of its motion to dismiss, Defendant Ithaca College argues as follows: (1) Plaintiff's Complaint claims both that Defendant Ithaca College breached its collective bargaining agreement, and that Defendant Union breached its duty of fair representation vis-a-vis the union members, which claims are intertwined; (2) as a result, Plaintiff's Complaint contains of a "hybrid" cause of action pursuant to § 301 of the LMRA; (3) in *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983), the Supreme Court explained that such a hybrid cause of action is subject to a six-month statute of limitations; (4) this six-month period commences from when a plaintiff knew or reasonably should have known of the breach or unfair labor practice; (5) here, according to Plaintiff's Complaint, he knew or reasonably should have known of the breach or unfair labor practice on February 22, 2012 (a fact that is further supported by the fact that he subsequently filed a grievance against Defendant Union); (6) even if the six-month statute of limitation did not begin to accrue on or about February 22, 2012, it began to accrue–at the very latest–on  April 23, 2012, when Plaintiff filed an unfair labor practice charge against Defendant Union with the NLRB (a fact of which the Court can take judicial notice); and (7) because Plaintiff's Complaint was not filed until December 5, 2012, Count I of that Complaint is manifestly untimely.  (*See generally* Dkt. No. 8 [Def.'s Memo. of Law].)

Generally, in response to Defendant Ithaca College's motion, Plaintiff argues as follows: (1) Plaintiff's Complaint does not contain a "hybrid" cause of action pursuant § 301 of the

LMRA because, while Count I of the Complaint admittedly claims that Defendant Ithaca College

breached the collective bargaining agreement, Count II of the Complaint does not claim that

Defendant Union breached its duty of fair representation vis-a-vis the union members, but that

Defendants Union and Hightchew intentionally interfered with a contractual relationship; (2)

moreover, in *DelCostello v. Int'l Bhd. of Teamsters*, the Supreme Court intended to narrowly

construe such hybrid claims as those that involve an immediate and direct impact on labor-

management relations, which is not present in this case; and (3) rather, because Plaintiff's

demotion was tantamount to an act of discipline by Ithaca College working together with

Defendant Union, the demotion also violates the Labor Management Reporting and Disclosure

Act ("LMRDA"), 29 U.S.C. §§ 411(a)(5), 412, rendering the three years as the correct

limitations period.  (*See generally* Dkt. No. 12 [Plf.'s Opp'n Memo. of Law].)

Generally, in its reply to Plaintiff's response, Defendant Ithaca College argues as follows:

(1) Plaintiff's first argument incorrectly relies on Count II of his Complaint, when it is *Count III*

of his Complaint that claims that Defendant Union breached its duty of fair representation vis-a-

vis the union members; (2) the fact that Plaintiff sandwiched another claim (i.e., in Count II)

between the two requisite hybrid § 301 claims (in Counts I and III) does nothing to avoid the

conclusion that Plaintiff's Complaint contains a hybrid claim (and, indeed, Plaintiff's claim in

Count II is preempted by § 301); (3) in any event, even if Plaintiff had not pled a hybrid claim,

Count I of his Complaint would have to be dismissed, because (a) he failed to exhaust his

administrative remedies with regard to that claim (by filing a grievance against Defendant Ithaca

College), and (b) any claim that exhaustion would have been futile is time barred; and (4)

Plaintiff's LMRDA argument is misplaced because (a) his Complaint does not expressly refer to

the LMRDA, and (b) in any event, his Complaint does not allege facts plausibly suggesting such

a claim (which is premised on punitive discipline, not a settlement agreement to resolve a

grievance challenging a promotion of one applicant over other applicants with more seniority

and experience).  (*See generally* Dkt. No. 14 [Def.'s Reply Memo. of Law].)

## II.    RELEVANT LEGAL STANDARD

For the sake of brevity, the Court will not recite, in this Decision and Order, the well-

known legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P.

12(b)(6), but will direct the reader to the Court's decision *Praileau v. Fischer*, 12-CV-1261,

2013 WL 936447, at *4-6 (N.D.N.Y March 8, 2013) (Suddaby, J.), which accurately recites that

standard.

The Court would add only a few words, regarding what documents are considered when

deciding a motion to dismiss for failure to state a claim.  Generally, when deciding such a

motion, the following matters outside the four corners of the complaint may be considered

without triggering the standard governing a motion for summary judgment: (1) documents

attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the

complaint (and provided by the parties), (3) documents that, although not incorporated by

reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial

notice for the factual background of the case.[2]

---

   [2]      *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit
to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-
573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion
to dismiss for failure to state a claim to a motion for summary judgment is not necessary under
Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached
to the complaint or answer, [2] documents incorporated by reference in the complaint (and
provided by the parties), [3] documents that, although not incorporated by reference, are

III.    ANALYSIS

    A.    **Whether Count I Should Be Dismissed as Time-Barred**

        1.    **Whether Plaintiff's Complaint Asserts a "Hybrid" Cause of Action Pursuant to § 301 of the LMRA**

After carefully considering the matter, the Court answers this question in the affirmative

for the reasons stated by Defendant Ithaca College in its memorandum of law and reply

memorandum of law.  *See, supra,* Part I.B. of this Decision and Order.  The Court would add

only the following analysis.

Generally, under federal labor law, an employee may bring a complaint against his union

and/or his employer alleging (1) that the employer breached a collective bargaining agreement

and, and (2) that the union breached its duty of fair representation in redressing her grievance

against the employer.  *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 128 F.3d 110,

113-14 (2d Cir. 1997) (citing *DelCostello v. Int. Bhd. of Teamsters*, 462 U.S. 151, 163-64

---

"integral" to the complaint, or [4] any matter of which the court can take judicial notice for the
factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir.
2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6)
"may consider the facts alleged in the complaint, documents attached to the complaint as
exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is
not incorporated by reference, the court may neverless consider it where the complaint relies
heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . .
However, even if a document is 'integral' to the complaint, it must be clear on the record that no
dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that
there exist no material disputed issues of fact regarding the relevance of the document.")
[internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147,
152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as
an exhibit or any statements or documents incorporated in it by reference.") (internal quotation
marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72
(2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or
incorporate by reference a [document] upon which it solely relies and which is integral to the
complaint," the court may nevertheless take the document into consideration in deciding [a]
defendant's motion to dismiss, without converting the proceeding to one for summary
judgment.") (internal quotation marks and citation omitted).

[1983]).  The employer's duty to honor the collective bargaining agreement is governed by 29

U.S.C. § 185, commonly known as LMRA § 301.  *DelCostello*, 462 U.S. at 164.  The union's

duty of fair representation of its members is implied under the scheme set forth in 29 U.S.C. §

159(a), commonly known as § 9(a) of the National Labor Relations Act.  *White*, 128 F.3d at 114

(2d Cir. 1997) (citing *DelCostello*, 462 U.S. at 164).

Claims against the employer for breach of collective bargaining agreements and claims

against a union for breach of its duty of fair representation are "inextricable interdependent."

*DelCostello*, 462 U.S. at 164.  For example, "[t]o prevail against either the company or the

Union . . . [employee-plaintiffs] must not only show that their discharge was contrary to the

contract but must also carry the burden of demonstrating a breach of duty by the Union."  *Id.* at

165 (quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66-67 [1981] [Stewart, J.,

concurring in the judgment]).  The plaintiff may sue the union, the employer, or both, but must

always allege violations on the part of both.  *White*, 128 F.3d at 114 (citing *DelCostello*, 462

U.S. at 165).   Here, as explained above in Part I.A. of this Decision and Order, Plaintiff's

Complaint asserts the following three claims: (1) a claim that Defendant Ithaca College violated

29 U.S.C. § 158(a)(1) by breaching its collective bargaining agreement (i.e., "Count I"); (2) a

claim that Defendant Union and Defendant Hightchew breached 29 U.S.C. § 158(b)(1)(A) and

(B) by intentionally interfering with a contractual relationship (i.e., "Count II"); and (3) a claim

that Defendant Union violated 29 U.S.C. § 158(b)(1)(A) by breaching its duty of fair

representation (i.e., "Count III").  (Dkt. No. 1.)   Regardless of whether the Court relies on the

express language used in the Complaint or the reasonable inferences from the factual allegations

asserted in the Complaint, the Court cannot help but find that the Complaint asserts a hybrid

cause of action pursuant to § 301 of the LMRA.  *See White*, 128 F.3d at 113-14 (2d Cir. 1997)

(finding that the LMRA governs when an employee brings a "complaint against her union and/or her employer alleging (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation in redressing her grievance against the employer.").[3]

> **2.      Whether Plaintiff Knew, or Reasonably Should Have Known, of the Breach Giving Rise to that Hybrid Cause of Action, Before June 5, 2012**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated by Defendant Ithaca College in its memorandum of law and reply memorandum of law. *See, supra,* Part I.B. of this Decision and Order. The Court would add only the following analysis.

The statute of limitations period on a "hybrid" cause of action pursuant to § 301 of the LMRA is six months. *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995) (citing *DelCostello*, 462 U.S. at 169). The statute of limitation begins to run at "the time when plaintiffs knew or reasonably should have known that such a breach had occurred." *Cohen*, 68 F.3d at 67. Here, Plaintiff filed his Complaint of December 5, 2012. Thus, the critical date of accrual is June 5, 2012. Any claims of which Plaintiff knew of or reasonably should have known of before this date are barred by the statute of imitations.

Construing all factual allegations in Plaintiff's favor, the Court can locate two potential events regarding when Plaintiff learned, or reasonably should have learned, of his claim against

---

[3]      While the Court is persuaded by Defendant Ithaca College's arguments, the Court does not construe them as requiring the dismissal of Count II of Plaintiff's Complaint based on preemption. Not only does Defendant Ithaca College not have standing to request the dismissal of that count (which is asserted against only Defendants Union and Hightchew), but the issue of preemption has not been sufficiently briefed by the parties (due to the fact that the issue was raised for the first time in Defendant Ithaca College's reply memorandum of law).

9

Defendant Ithaca College: (1) on February 22, 2012, when Plaintiff "became notified that he might be demoted," and he learned from Defendant Hightchew that he (Plaintiff) would be demoted pursuant a settlement agreement between Defendant Union and Defendant Ithaca College (*see* Dkt. No. 1, at ¶¶ 31, 50-51); (2) on February 26, 2012, the effective date of Plaintiff's demotion (*id*. at ¶¶ 36, 40). Moreover, the Court notes that, on or about April 23, 2012, Plaintiff filed an unfair labor practice charge against Defendant Union with the NLRB, which was dismissed on or about May 23, 2012.[4]

Granted, Plaintiff's Complaint also references two other events when Plaintiff learned, or reasonably should have learned, of his claim against Defendant Ithaca College: (1) "[s]ome time [after February 22, 2012]," when Plaintiff received a copy of the Memorandum of Agreement between Defendant Union and Defendant Ithaca College (*id*. at ¶¶ 33-38); and (2) "some time after being demoted," when he filed a grievance against Defendant Union (*id*. at ¶ 41). However, the Complaint is silent as to the dates of these two events. (*See generally* Dkt. No. 1.)[5]

In any event, the three events referenced earlier are more than sufficient to trigger the running of the statute of limitations before June 5, 2012. *See Kavowras*, 328 F.3d at 55 (dismissing hybrid § 301 complaint as barred by the statute of limitations, which started running at the latest, upon the filing of an NLRB charge).

---

[4] The Court agrees that it can take judicial notice of this fact. *See, supra,* Part II of this Decision and Order (reciting legal standard on motion to dismiss for failure to state a claim); *see also  Kavowras v. New York Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003); *Cole v. Cent. Park Sys., Inc.*, 09-CV-3185, 2010 WL 3747591, at *3 (E.D.N.Y. Sept. 20, 2010).

[5] The Court notes that, in his opposition memorandum of law, Plaintiff argues that the grievance was "dismissed at stage one." (Dkt. No. 12, at 8 [Plf.'s Opp'n Memo. of Law].)

### 3. Whether Plaintiff Has Pled a Claim Against Defendant Ithaca College Asserting a Violation of the LMRDA

Because Plaintiff attempts to avoid the negative effect of the six-month statute of limitations under § 301 of the LMRA by analogizing the claim asserted in Count I to a claim under the LMRDA (which is governed by a three-year statute of limitations), the Court must decide whether Plaintiff's Complaint has successfully pled a claim against Defendant Ithaca College asserting a violation of the LMRDA.

After carefully considering the matter, the Court answers this question in the negative for the reasons stated by Defendant Ithaca College in its reply memorandum of law. *See, supra,* Part I.B. of this Decision and Order. The Court would add only the following analysis.

Generally, the LMRDA was enacted to correct "widespread abuses of power and instances of corruption by union officials, and to encourage democratic self-governance in unions." *Franza v. Int'l Broth. of Teamsters, Local 671*, 869 F.2d 41, 44 (2d Cir. 1989). The LMRDA ensures that union members have equal rights and freedom of speech in the conduct of union affairs, including the right to vote, the right to meet, the right to assemble freely, and the right to express any view. *Phelan v. Local 305 of United Ass'n of Journeymen, & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada*, 973 F.2d 1050, 1055 (2d Cir. 1992). However, the LMRDA does not provide "a panoply of rights to which all persons injured in some way relating to a union may turn when seeking redress." *Phelan,* 973 F.2d at 1055. LMRDA claims are asserted *only* against the union and concern disruption of internal union democracy. *Rodonich v. House Wreckers Union Local 95 of Laborers' Int'l Union*, 817 F.2d 967, 977 (2d Cir. 1987) (emphasis added).

Here, of course, Defendant Ithaca College is Plaintiff's employer, not his union.  As a result, the Court finds that Defendant Ithaca College cannot have violated Plaintiff's rights under the LMRDA.  *Hughes v. ABB Inc.*, 131 F. App'x 379, 380 (3d Cir. 2005) (affirming dismissal of LMRDA claim against employer as "legally frivolous").

For all of these reasons, Defendant Ithaca College's motion to dismiss is granted, and Count I of Plaintiff's Complaint is dismissed.

**ACCORDINGLY,** it is

**ORDERED** that the Clerk of the Court shall amend the docket so as to reflect the spelling of the last name of the individual Defendant as "Hightchew," not "Hitchew"; and it is further

**ORDERED** that Defendant Ithaca College' motion to dismiss Count I of Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that Count I of Plaintiff's Complaint (Dkt. No. 1) against Defendant Ithaca College is **DISMISSED**.

Dated: May 28, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge